CARLOS RENÉ ÁLVAREZ MONTALVO, Petitioner, v. SUPERIOR COURT OF PUERTO RICO, MAYAGÜEZ PART, ALFREDO ARCHILLA GUENARD, JUDGE, Respondent.

No. C-63-37.     Decided October 23, 1963.

*Hernán Longoria* for petitioner. *J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for respondent.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM: Carlos René Álvarez Montalvo was charged with operating a vehicle under the influence of intoxicating liquor. The facts which gave rise to the information occurred on December 24, 1962. A blood sample was taken from him. A sample was delivered to him as required by § 5-803(f) of the Vehicle and Traffic Law—9 L.P.R.A. § 1043. The analysis made by the Commonwealth on January 9, 1963, showed 0.22 of one percent by weight of alcohol. The information was filed on February 6, 1963. He was arraigned on February 18. On April 1, the day set for the trial, defendant requested that a verification analysis be ordered since the chemist who analyzed his sample certified that he only had 0.124 of one percent by weight of alcohol. The hearing was continued in order to enable defendant to file the motion in writing. Subsequently the court denied the motion.

In *People* v. *Zalduondo Fontánez, ante,* p. 63, we said that "Although we have recognized defendant's right to a verification analysis, the request therefor must be presented diligently and sufficiently in advance of the date set for the trial. . . . This would prevent it from becoming an escape

for procuring the continuance of the hearing. Defendant would be bound to state the circumstances which prevented him from requesting it prior to the date of the hearing, if that were the case."

In the instant case the request to analyze the verification sample was made the same day of the trial and defendant did not account for the delay. The fact that the report on the sample analyzed by him was submitted on March 29 is not sufficient excuse in the absence of a reasonable explanation for such delay. In order to avoid an unnecessary continuance of the trial, the defendant should be diligent in submitting his sample for analysis and in requesting the verification analysis.

The writ issued will be quashed and the case remanded for further proceedings.